**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

Filed/Docketed
Jul 06, 2026

IN RE:

**FRANKLIN DELANO PALMER, JR.**

**Debtor.**

**Case No. 26-10798
Chapter 13**

**ORDER GRANTING IN PART MOTION FOR RELIEF
FROM CODEBTOR STAY**

THIS MATTER comes before the Court pursuant to the Moton for Relief from Co-Debtor Stay,[1] filed by TTCU Federal Credit Union ("Movant"); and the Objection,[2] filed by Franklin Delano Palmer, Jr. ("Debtor"). The Court held a telephonic hearing on June 30, 2026 (the "Hearing"), at which the parties presented legal argument. The following Order is entered pursuant to Federal Rule of Bankruptcy Procedure 7052, which is made applicable to this contested matter pursuant to Federal Rule of Bankruptcy Procedure 9014.

**Jurisdiction**

The Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. § 1334(b).[3] Reference to the Court of the bankruptcy case is proper pursuant to 28 U.S.C. § 157(a). Matters related to modification of the automatic stay are core proceedings as defined by 28 U.S.C. § 157(b)(2)(G).

---

[1] ECF No. 12.

[2] ECF No. 17.

[3] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

**Background**

There do not appear to be any uncontested facts in this matter. Debtor filed a voluntary case under Chapter 13 of the Bankruptcy Code on May 12, 2026 (the "Petition Date"). Debtor's wife, Vanessa Palmer ("Mrs. Palmer"), is not a debtor in this case. On or about May 4, 2022, Debtor and Mrs. Palmer entered into a loan agreement with Movant (the "Loan Agreement"). Both Debtor and Mrs. Palmer are liable under the Loan Agreement. The debt evidenced by the Loan Agreement is a consumer debt. On March 26, 2026, the joint liability under the Loan Agreement was reduced to judgment by the District Court for Tulsa County, Oklahoma, in a case naming Debtor and Mrs. Palmer as "Defendants," in the amount of $2,431.80 (the "Judgment").[4] The Judgment states that "Each Defendant is responsible for 1/2 of the principal – $1,215.90."[5] On the Petition Date, Debtor filed a proposed Chapter 13 Plan, which makes no provision for payment of the debt to Movant under either the Loan Agreement or the Judgment.[6] Movant has filed a proof of claim in this case stating that its claim is fully unsecured.[7] According to Debtor, income contributed from Mrs. Palmer will be "necessary for the successful completion of the Debtor's Chapter 13 Plan."[8]

**Discussion**

***Relief from codebtor stay pursuant to § 1301(a) is granted***

Section 1301 of the Bankruptcy Code provides:

> (a) Except as provided in subsections (b) and (c) of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt, unless--

---

[4] ECF No. 12, at 4.
[5] *Id.*
[6] ECF No. 5.
[7] ECF Claim No. 2-1, at 2 ¶ 9.
[8] ECF No. 17, at 1.

> (1) such individual became liable on or secured such debt in the ordinary course of such individual's business; or
> (2) the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title.

Under this section, a creditor who attempts to collect a consumer debt from a codebtor will be found in violation of the stay imposed by § 1301(a), subject to certain exceptions enumerated in subparagraphs (b) and (c). That stay, while euphemistically referred to as the "Codebtor Stay," is meant to protect the debtor, not the codebtor.[9] Its purpose is to protect Chapter 13 debtors from the indirect pressure exerted by creditors through collection actions brought against codebtors who are typically relatives or close friends of the Chapter 13 debtor.[10]

Several exceptions to the Codebtor Stay are found in § 1301(c). That section provides, in relevant part,

> (c) On request of a party in interest and after notice and a hearing, the court *shall* grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that--
>
> (2) the plan filed by the debtor proposes not to pay such claim[.][11]

The directive of § 1301(c)(2) is mandatory. If the plan proposed by a Chapter 13 debtor fails to pay a claim subject to the Codebtor Stay under § 1301(a), the Court *must* grant relief from that stay to allow the creditor to pursue payment of its claim against the codebtor.[12] The Court does not have any discretion to consider the financial plight of the codebtor in its analysis.[13] Nor may

---

[9] *In re Burkey*, No. 09-12371, 2012 WL 5959991 (Bankr. N.D.N.Y. Nov. 28, 2012).

[10] *In re Deen*, 260 B.R. 577, 580–81 (Bankr. S.D. Ga. 2000).

[11] § 1301(c)(2) (emphasis added). Movant also suggests that § 1301(c)(3) applies in this case. That section makes an exception to the Codebtor Stay where "such creditor's interest would be irreparably harmed by continuation of such stay." Movant has provided no evidence that its interests would be irreparably harmed by a continuation of the Codebtor Stay. Therefore, the Court will not consider its arguments under that section.

[12] § 1301(c); *In re DiDomizio*, 11 B.R. 357 (Bankr. D. Conn. 1981).

[13] *In re Grigsby*, 13 B.R. 409, 411 (Bankr. S.D. Ohio 1981).

it consider the source of payments the debtor plans to use to fund its plan. Debtor has cited no authority to the contrary.  Because Debtor has not proposed to pay Movant's claim in his Chapter 13 plan, the Court is required to grant Movant relief from the Codebtor Stay to allow it to proceed against Mrs. Palmer with respect to its claim.

***Relief from automatic stay pursuant to § 362(a) is denied***

Movant also asks for relief from the stay pursuant to § 362(a).  Such relief may be granted for cause, including a lack of adequate protection of an interest in property.[14]  Upon filing a motion under § 362(d), the initial burden of production to show grounds that compel the lifting of the stay rests with the creditor.[15] Once the creditor has established grounds, the it has the burden of proof that debtor lacks equity in the property. The burden for all other issues rests with the debtor.[16]

To obtain relief under § 362(d)(1), Movant must demonstrate "cause" for granting relief. While Debtor has the ultimate burden of persuasion on the issue of cause, Movant has the initial burden of going forward before the burden will shift to Debtor.[17]  In other words, Movant must establish a *prima facie* case that cause exists under § 362(d)(1) *before* Debtor is required to present any defensive evidence.[18] Movant suggests it lacks adequate protection of its interests, and that it will "suffer irreparable harm" because "interest and expenses, as well as continuing monthly

---

[14] § 362(d)(1).

[15] *In re DB Cap. Holdings, LLC*, 454 B.R. 804, 816 (Bankr. D. Colo. 2011) (citing *In re Anthem Cmtys./RBG, LLC*, 267 B.R. 867, 870-71 (Bankr. D. Colo. 2001)).

[16] *Id*.; § 362(g).

[17] *In re Anthem Cmtys.*, 267 B.R. at 871 (citing *In re Elmira Litho, Inc.*, 174 B.R. 892, 900 (Bankr. S.D.N.Y. 1994)); *In re Vankell*, 311 B.R. 205, 215 (Bankr. E.D. Tenn. 2004) ("A creditor seeking relief from the automatic stay under § 362(d)(1) 'bears the burden of producing evidence establishing a legally sufficient basis for such relief [.]'") (citations omitted).

[18] *In re Elmira Litho, Inc.*, 174 B.R. at 902 ("Thus, every party seeking relief from the automatic stay under § 362(d)(1) must carry the initial burden of showing that it is entitled to relief before the debtor is obligated to go forward with its proof.").

assessments, will continue to accrue."[19]  For the following reasons, the Court finds Movant has not established any grounds for relief under § 362(d)(1) that would necessitate Debtor presenting a defense under that section.

Among the grounds for cause under § 362(d)(1) is a lack of adequate protection of an interest of a creditor in property. The purpose of providing adequate protection for a creditor is to insure that the creditor receives the value for which it bargained prebankruptcy.[20]  The determination of adequate protection is a factual question that is made on a case-by-case basis.[21] The Court must look to a creditor's interest in property to define its entitlement to adequate protection.[22] Courts have determined that the adequate protection provisions of § 361 protect only secured creditors.[23]  Likewise, a majority of courts have concluded that § 362(d)(1) addresses only the rights of secured creditors.[24] A minority of courts have concluded that unsecured creditors may be protected by the provisions of § 362(d)(1) in extraordinary circumstances.[25]  While the Tenth Circuit has not ruled on this issue, Movant has neither alleged that its claim is secured by property of Debtor, or that extraordinary circumstances require relief under the statute. Therefore, Movant has failed to establish that it is entitled to adequate protection for any interest in property. In the absence of some proof that would support cause under § 362(d)(1), the Court cannot find that Debtor has any burden to present a defense.

---

[19] ECF No. 12, at 1.

[20] *In re O'Connor*, 808 F.2d 1393, 1396 (10th Cir. 1987).

[21] *Id*. at 1397.

[22] *In re Elmira Litho, Inc.*, 174 B.R. at 902.

[23] *In re Utah Aircraft All.*, 342 B.R. 327, 337–38 (10th Cir. BAP 2006) (citing *In re Dairy Mart Convenience Stores, Inc.*, 351 F.3d 86, 90 (2d Cir. 2003)).

[24] *Id*.

[25] *Id*.

**Conclusion**

Movant is entitled to relief of the Codebtor Stay of § 1301(a) with respect to its claim against Mrs. Palmer. Movant has not pled sufficient cause under § 362(d)(1) to require modification or termination of the automatic stay of § 362(a) in this case. That stay will remain in effect as to all creditors.

Accordingly,

IT IS THEREFORE ORDERED that the Motion for Relief from Co-Debtor Stay, at ECF No. 12, filed by TTCU Federal Credit Union, is hereby GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that the stay provided in this case pursuant to § 1301(a) is terminated with respect to the claim of TTCU Federal Credit Union.

IT IS FURTHER ORDERED that the stay provided in this case pursuant to § 362(a) remains in full force and effect with respect to all creditors.

Dated this 6th day of July, 2026.

BY THE COURT:

PAUL R. THOMAS, CHIEF JUDGE
UNITED STATES BANKRUPTCY